IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF TIMOTHY W. BENDER,

    Plaintiff,

    v.                          Case No. 11-CV-558

JAMES HEBEL, CHERIE NELSON, DEBORAH
JENSEN, and JENNIFER GOLZ,

    Defendants.

---

### BRIEF IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS JAMES HEBEL, CHERIE NELSON, AND JENNIFER GOLZ (CORRECTLY IDENTIFIED AS JENNIFER KOEHLER)

---

Defendants James Hebel, Cherie Nelson, and Jennifer Golz (correctly identified as Jennifer Koehler) move the court for an order dismissing the plaintiff's complaint with prejudice because she does not have the standing or competency to bring it on behalf of the Estate of Timothy Bender and because she does not have an independent cause of action.

### STATEMENT OF FACTS

The following facts are taken from the Estate's complaint and must be assumed to be true to resolve this motion.

Timothy Bender was an inmate in the Wisconsin Department of Corrections. The complaint alleges that the defendants were all employees of the DOC who failed to provide him with medical care in the hours before his death. Bender's sister, Darlene Letourneau, brought this

action pro se on behalf of Bender's estate. [Complaint, ¶¶ 21, 25, 29, 33] However, at the time she filed this action, she was not the special administrator of the Estate. [Complaint, ¶ 3]

**STANDARD OF DECISION**

In considering a motion to dismiss, the court must accept as true all well-pleaded factual allegations in the complaint, drawing all reasonable inferences in favor of the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 72 (1984); *Yeksigian v. Nappi*, 900 F.2d 101, 102 (7th Cir. 1990). The court may dismiss a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'" *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Plaintiffs have a responsibility to include allegations of fact sufficient to establish the crucial elements of their claims. *Forest County Potawatomi Cmty v. Doyle,* 828 F. Supp. 1401, 1405 (W.D. Wis. 1993), *aff'd*, 45 F.3d 1079 (7th Cir. 1995). If they file complaints that assert legal conclusions without making adequate factual allegations to support those conclusions, their complaints may be dismissed on Rule 12 grounds. *Panaras v. Liquid Carbonic Indus. Corp.,* 74 F.3d 786, 792 (7th Cir. 1996); *Strauss,* 760 F.2d at 767-68.

**LAW AND ARGUMENT**

Whether a § 1983 claim like this one survives the victim's death is a question answered by applying the appropriate state law. *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007). Under Wisconsin law, "an action for wrongful death may be brought by the personal representative of the deceased person or by the person to whom the amount recovered belongs." Wis. Stat. § 895.04(1). She concedes in the complaint that she is not currently the special administrator or

personal representative of Bender's Estate. [Complaint, ¶ 3] She therefore lacks the capacity to sue on the Estate's behalf. Letourneau cannot bring a § 1983 claim on her own behalf either. Compensation for wrongful death may be awarded only to "the spouse, children or parents of the deceased, or to the siblings of the deceased, if the siblings were minors at the time of death. Wis. Stat. § 895.04(4).

There is a further difficulty with the Estate's claim. Letourneau is proceeding pro se on behalf of the Estate. Even if she had been appointed as special administrator, she could not represent the Estate in court unless she was the sole beneficiary. *Malone*, 474 F.3d at 937. She has pled no facts that would allow this court to make that determination. Even if she were appointed special administrator, the court could not allow her to proceed with this lawsuit.

## CONCLUSION

For the reasons stated above, the court should dismiss this lawsuit.

Dated at Madison, Wisconsin, this 26th day of August, 2011.

        J.B. VAN HOLLEN
        Attorney General

        **/s/FRANCIS X. SULLIVAN**
        FRANCIS X. SULLIVAN
        Assistant Attorney General
        State Bar #1030932
        Attorneys for defendants James Hebel, Cherie Nelson, and Jennifer Golz (correctly identified as Jennifer Koehler)

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-2222
(608) 267-8906 (Fax)
sullivanfx@doj.state.wi.us