UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ESTATE OF TIMOTHY W. BENDER,

    Plaintiff,

    v.                                                       Case No. 11-CV-558

JAMES HEBEL, CHERIE NELSON,
and JENNIFER GOLZ

    Defendants.

## ORDER

On June 9, 2011, Denise Letourneau filed this action *pro se* on behalf of the Estate of Timothy W. Bender against Defendants James Hebel, Cherie Nelson, Deborah Jensen, and Jennifer Golz, alleging a violation of Bender's civil rights under 42 U.S.C. § 1983. (Docket #1.) On August 26, 2011, Defendants Hebel, Nelson, and Golz filed an answer and a motion to dismiss the complaint, arguing that Letourneau lacks the capacity to sue on behalf of the Estate.[1] In her response to the motion to dismiss, Letourneau provides additional information about her standing and requests leave to amend the complaint. For the reasons below, the Court will grant leave to amend the complaint and deny the motion to dismiss without prejudice.

Timothy Bender was an inmate in the Wisconsin Department of Corrections. Letourneau, Bender's sister, brought this action on behalf of Bender's estate, alleging that

---

[1] The Court dismissed defendant Deborah Jensen from this case for plaintiff's failure to submit proof of service of the complaint upon her. (Docket #17.)

the defendants were all employees of the Department of Corrections who failed to provide him with necessary medical care in the hours before his death.

In their motion to dismiss, the defendants argue that Letourneau lacks standing to bring the action on behalf of the Estate. Specifically, they assert that Letourneau was not the special administrator of the Estate at the time she filed the action. Further, the defendants state that even if Letourneau had been appointed as special administrator, she could not represent the Estate in court because she was not the sole beneficiary of the Estate.

Letourneau responds that she was appointed as the special administrator of the Estate on June 9, 2011, the date the complaint was filed. She attached a copy of the Letters of Special Administration to her response. Additionally, Letourneau explains that she is the sole beneficiary of the Estate because she is Bender's sister. Finally, she requests that the court allow her to amend the complaint. The defendants did not file a reply brief and did not respond to the request to amend the complaint within fourteen days from service of Letourneau's response as required by Civil Local Rule 7(c)(E.D.Wis.).

In deciding whether to grant the defendants' motion to dismiss, the Court must first determine whether to allow Letourneau to file an amended complaint. Generally, a motion for leave to amend a complaint filed after a responsive pleading has been filed is evaluated under Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2) provides that a court "should freely give leave [to file an amended complaint] when justice so requires." *See Soltys v. Costello*, 520 F.3d 737, 742-43 (7th Cir. 2008). The "free to give leave" standard "reflects a liberal attitude towards the amendment of pleadings." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002). However, courts may deny leave to amend

"where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

None of those conditions apply to Letourneau's request. She requests to amend the complaint to allege that she was the special administrator of the Estate at the time she filed the action and that she is the sole beneficiary. These amendments are in direct response to the defendants' challenge to the sufficiency of the allegations in the original complaint. Moreover, amending the complaint allows the pleadings to more accurately reflect the facts of the case.

Letourneau, however, did not submit a proposed amended complaint with her request as required by Civil Local Rule 15(b)(E.D.Wis.). Civil L. R. 15(b) provides that: "The proposed amended pleading must be filed as an attachment to the motion to amend." Failure to comply with Rule 15(b) is typically grounds for denial of a request to amend a complaint. *See McIntosh v. Jadin*, No. 09-C-1106, 2010 WL 5180123 (E.D. Wis. Dec. 15, 2010). Nonetheless, because Federal Rule 15 requires leave to amend be freely granted and because the defendants do not oppose the request, the Court will allow Letourneau the opportunity to amend the complaint. She must file an amended complaint within fourteen days from the date of this order or face dismissal of the original complaint.

With respect to the defendants' motion to dismiss, the Court ordinarily evaluates whether an amended complaint rectifies the issues raised in the motion. Because the amended complaint has not been filed, the defendants' motion to dismiss will be denied

3

Case 2:11-cv-00558-NJ   Filed 12/09/11   Page 3 of 4   Document 18

without prejudice to its possible reassertion after Letourneau files an amended complaint. Accordingly,

**IT IS ORDERED** that the plaintiff's request to amend the complaint (Docket # 14) is **GRANTED**. The plaintiff shall serve and file an amended complaint within fourteen (14) days from the date of this order.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss (Docket #11) is **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin this 9th day of December 2011.

BY THE COURT

s/Nancy Joseph
NANCY JOSEPH
United States Magistrate Judge

4